UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

JASON ANDRE SMITH,

                    Defendant.

NO. CR-04-0208-EFS
[NO. CV-09-0044-EFS]

**ORDER DENYING DEFENDANT'S
HABEAS CORPUS PETITION**

     Before the Court, without oral argument, is Defendant Jason Andre
Smith's Petition for Postconviction Writ of Habeas Corpus.  (Ct. Rec.
46.)  Defendant argues that his First Amendment freedom of religion right
is violated by a supervised release condition because it requires him to
participate in Alcoholics Anonymous and/or Narcotics Anonymous, which are
religious-based substance abuse treatment programs.  Because the
supervised release conditions do not require Defendant to participate in
a religious-based substance abuse treatment program, Defendant's petition
is denied.

     The Amended Judgment (Ct. Rec. 38) imposes three (3) special
supervised release conditions.  One of these special conditions -
Condition No. 15 - requires: "Defendant shall undergo a substance abuse
evaluation and, if indicated, enter into and successfully complete an
approved substance abuse treatment program including aftercare.

ORDER ~ 1

Defendant shall contribute to the cost of treatment according to [D]efendant's ability. Defendant shall allow full reciprocal disclosure between the supervising probation officer and treatment provider." *Id. p. 4*. Condition No. 15 is rationally related to the goal rehabilitating Defendant. *See United States v. Vegas*, 545 F.3d 743 (9th Cir. 2008). Importantly, Condition No. 15 does not require Defendant to participate in a religious-based substance abuse treatment program, such as Alcoholics Anonymous or Narcotics Anonymous. *See Kerr v. Farrey*, 95 F.3d 472, 479-80 (7th Cir. 1996); *In re Garcia*, 106 Wn. App. 625, 630 (2001). Rather, the condition simply provides that, if the substance abuse evaluation concludes that Defendant would benefit from a substance abuse treatment program, Defendant is to participant in such a program. In that event, Defendant's probation officer will work with Defendant to find a secular substance abuse treatment program.

Because there is no violation of Defendant's First Amendment rights, **IT IS HEREBY ORDERED:**

1.   Defendant's Petition for Postconviction Writ of Habeas Corpus (**Ct. Rec. 46**) is **DENIED**; and

2.   The related civil case (CV-09-0044-EFS) shall be **CLOSED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to Defendant, counsel and the U.S. Probation Office.

**DATED** this ___6th___ day of March 2009.


_____S/ Edward F. Shea_____
EDWARD F. SHEA
United States District Judge

Q:\Criminal\2004\0208.SR.drug.trt.wpd

ORDER ~ 2